966 F.2d 1441
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COLSON SERVICES CORPORATION, Plaintiff-Appellee,
v.
THE BANK OF BALTIMORE, individually and as successor in
interest to Metropolitan Federal Savings and Loan
Association, Defendant-Appellant.
COLSON SERVICES CORPORATION, Plaintiff-Appellant,
v.
THE BANK OF BALTIMORE, individually and as successor in
interest to Metropolitan Federal Savings and Loan
Association, Defendant-Appellee.
 Nos. 91-1140, 91-1149.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: June 4, 1992
As Amended June 9, 1992.
 
 1
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-88-2741-K)
 
 
 2
 Argued: Kathleen A. Ellis, Piper & Marbury, Baltimore, Maryland, for Appellant.
 
 
 3
 Louis J. Maione, Salon, Marrow & Dyckman, New York, New York, for Appellee.
 
 
 4
 On Brief: C. Lamar Garren, Piper & Marbury, Baltimore, Maryland, for Appellant.
 
 
 5
 John B. Sinclair, Miles & Stockbridge, Baltimore, Maryland, for Appellee.
 
 
 6
 D.Md.
 
 
 7
 AFFIRMED.
 
 
 8
 Before WIDENER and LUTTIG, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 OPINION
 WARD, Senior District Judge:
 
 9
 The case arises from a payment mistakenly twice made on a certificate of deposit. Appellee's predecessor in interest made two payments, the required payment on June 5, 1985, and an erroneous, duplicative payment on June 6, 1985, to appellant's predecessor in interest. The cause of action to recover the second payment was brought on September 14, 1988, more than three years after the mistake occurred. A Maryland jury found that appellee had no reason to know of the mistake prior to September 14, 1985; thus, the three year statute of limitations had not run before the action was brought. Reaffirming our faith in the wisdom of allowing juries to decide disputed issues of fact, we perceive no error below.*
 
 I.
 
 10
 On December 6, 1984, Metropolitan Federal Savings and Loan Association, (defendant/appellant's predecessor in interest), purchased a participation of $100,000 in a brokered, jumbo certificate of deposit issued by County Savings Bank of Santa Barbara, California, and serviced by Bradford Trust Company of New York, (plaintiff/appellee's predecessor in interest). On June 5, 1985, Bradford wired $101,116.11 to Metropolitan in respect of that CD. Bradford mistakenly wired the same amount again the following day. It appears that no record of the first transaction was placed in the proper file, and a second wire was sent in the belief that none had been sent at all.
 
 
 11
 Appellant argued at trial that Metropolitan's controller, Hugh Collins, realized the mistake and placed a phone call to Frank Abbadessa, supervisor of Bradford's CD processing area informing him of the error and asking him for a written request for a return of the money. At trial, Abbadessa testified that he remembered no such call but did not deny that it could have been made. At any rate, no written demand was made, and the money remained on appellant's books. Written demand was eventually made on March 31, 1988. The Bank of Baltimore refused to honor the demand.
 
 
 12
 At the close of all of the evidence, the Bank of Baltimore moved for a directed verdict which the court below denied. The following question was submitted to the jury: "Has the Bank of Baltimore proved by a preponderance of the evidence that Colson knew, or reasonably should have known, about the duplicate payment ... before September 14, 1985." (JA 443). The jury returned the verdict sheet marked "No". The Bank moved for judgment notwithstanding the verdict which the court below denied. The Bank of Baltimore now appeals as error the decisions of the trial court denying its directed verdict and an earlier motion for summary judgment.
 
 II.
 
 13
 In Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1055-56 (4th Cir. 1976), this Court stated:
 
 
 14
 [O]ur power of review continues to be limited by the Seventh Amendment, which provides that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." ... We may not, therefore, weigh the evidence, pass on the credibility of witnesses, or substitute our judgment of the facts for that of the jury.... Instead, we must view the evidence in the light most favorable to the party against whom the motion is made, giving him the benefit of all reasonable inferences from the evidence.
 
 
 15
 (citations omitted).
 
 
 16
 Guided by this standard, we find appellant's arguments unpersuasive. Appellant argues that summary judgment or a directed verdict should have been granted because appellee knew or should have known of the mistaken payment. This is so, says the Bank, both because Mr. Collins allegedly placed a phone call to appellee informing Mr. Abbadessa of the problem and because a routine check of the system would allegedly have disclosed the error. Evidence was put before the jury regarding both of these allegations, and the specific issue of whether appellee knew or should have known of the mistake based on this evidence was decided in the negative by the jury. The jury apparently chose to disregard appellant's evidence. We are in no better position than the jury or the trial court to weigh that evidence.
 
 
 17
 Appellant argues that the case of Lawson v. Commonwealth Land Title Ins. Co., 69 Md. App. 476, 518 A.2d 174 (1986), controls this situation and mandates reversal of the lower court. We disagree. A decision of an intermediate appellate court which does not necessarily bind this Court, the Lawson case involved a mistaken overpayment to an investor by a land title insurance company in respect of a refinancing settlement. The plaintiff insurance company filed a three count complaint alleging conversion, unjust enrichment, and implied contract more than three years after the overpayment occurred. 69 Md. App. at 478, 518 A.2d at 174-75. The trial court held a non-jury trial with an agreed statement of facts. In its memorandum opinion and order, the trial court applied the "discovery rule" to find that there was no evidence that a person of ordinary prudence would have been put on notice of the overpayment. 69 Md. App. at 478, 518 A.2d at 175.
 
 
 18
 Thus, the statute of limitations had not run. In the first appeal of the case, the Court of Special Appeals of Maryland, in an unreported decision, reversed as to the unjust enrichment and implied contract counts and remanded the conversion count for a determination of whether conversion should apply to the wrongful detention of money, and, if so, when the conversion took place for statute of limitations purposes. Recalling its holding in the first appeal, that court stated in its opinion in the second appeal:
 
 
 19
 We concluded that, under the agreed statement of facts, Commonwealth [the plaintiff] was on notice of the overpayment as soon as its was made-that a routine check of its escrow account would have turned up the discrepancy and that "the cause of action in this case accrued on April 11, 1979 when [Commonwealth] should have discovered the overage."
 
 
 20
 69 Md. App. at 479, 518 A.2d at 175.
 
 
 21
 On remand, the trial court again found for the plaintiff, rejecting the defenses that the tort of conversion did not apply in this context and that the statute of limitations would not apply to this claim. Id. In the second appeal, the Court of Special Appeals reversed again, holding that the tort was, in fact, inapplicable. Given that holding, the appellate court found it unnecessary to consider the statute of limitations issue. 69 Md. App. at 483, 518 A. 2d at 177.
 
 
 22
 Lawson does not control this case for at least two reasons. First, there was an agreed statement of facts in Lawson . Even though the content of that statement is unavailable to us now, this represents a marked difference from the case at bar. The parties dispute the facts before this court and did so before the jury as well. Second-guessing a trial court in a non-jury trial as to the interpretation to be given an agreed upon statement of facts is very different from second-guessing a jury regarding its interpretation of disputed facts. We are not prepared to take that path.
 
 
 23
 Lawson is not controlling for another reason as well. Appellant has argued that Lawson stands for the proposition that, on facts such as these, the discovery rule should either not be applied or be applied so that the plaintiff is put on notice of the mistake when it was made, effectively removing any question of whether the claimant should have known of the error. We are not comfortable with such a reading of Lawson, and our research indicates that the facts of Lawson were not subsequently considered by Maryland's highest court. Further, it does not appear that Lawson has been cited as controlling authority in any other Maryland case in the more than six years since it was decided. Rather, the law in Maryland appears to be succinctly stated in Poffenberger v. Risser, 290 Md. 631, 431 A.2d 677 (1981). There, the Court of Appeals of Maryland, Maryland's highest court, expanded the applicability of the discovery rule"to all actions and the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." 290 Md. at 636, 431 A.2d at 680. Poffenberger has been cited as the law on the discovery rule by numerous Maryland state and federal courts. See e.g., Shepard v. Nabb, 84 Md. App. 687, 581 A.2d 839 (1990), cert. denied, 322 Md. 240, 587 A.2d 247 (1991) (defamation action accrues when plaintiff knew or reasonably should have known that defendant committed a wrongful act or damaged plaintiff); Millison v. Wilzack, 77 Md. App. 676, 551 A.2d 899, cert. denied, 315 Md. 307, 554 A.2d 393 (1989) (action accrues when all of its elements have occurred and when the plaintiff knows, or, through the exercise of due diligence, should have known, that they have occurred); and Weyerhaeuser Corp. v. Koppers Co., Inc., 771 F.Supp 1406 (D.Md. 1991) ("Knowledge sufficient to accrue a cause of action will be implied when plaintiff has 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry ....' " (citation omitted)).
 
 
 24
 The trial court in this case put the question of whether appellee knew or should have known of the mistake when it occurred to a jury which had the opportunity to observe the witnesses and weigh their testimony. The trial court properly interpreted Maryland law, and, in so doing, properly denied appellant's motions for summary judgment and a directed verdict. There being no error in those determinations, they are hereby
 
 
 25
 AFFIRMED.
 
 LUTTIG, Circuit Judge, dissenting:
 
 26
 I would reverse the judgment of the district court on the reasoning of the Maryland Court of Special Appeals in Lawson v.
 
 
 27
 Commonwealth Land Title Ins. Co., S.T.1985, No. 1138 (Md. App. Jan. 28, 1986) ("Lawson I"), discussed in Lawson v. Commonwealth Land Title Ins. Co., 518 A.2d 174, 175 (Md. App. 1986) ("Lawson II" ). In Lawson I, the court held that "a sophisticated national company" should know of an overpayment as soon as the disbursement is made, because "a routine check of its ... account would ... turn[ ] up the discrepancy." Lawson II, 518 A.2d at 174-75.
 
 
 28
 The majority maintains that Lawson I, for two reasons, does not inform disposition of this case. In my view, neither reason is persuasive. First, the majority notes that Lawson I was decided upon an agreed statement of facts, while the facts in this case were disputed. It is true that Lawson I proceeded on stipulated facts. However, in Lawson I, as here, there was a dispute as to the only fact that has any bearing upon the statute of limitations issue-namely, whether the plaintiff should have been aware of its overpayment more than three years before it filed suit. That the parties stipulated generally to other facts in Lawson I cannot serve to distinguish that case from this one.
 
 
 29
 Second, the majority attempts to minimize the significance of Lawson I on the asserted ground that it represents a discredited departure from the consistent application of the discovery rule by Maryland courts, pursuant to Poffenberger v. Risser, 431 A.2d 677 (Md. 1981), the case that adopted the discovery rule for Maryland in all civil cases. Lawson I, however, was a straightforward application of the Poffenberger rule, citing Poffenberger no fewer than five times. See Lawson I, slip op. at 3-5.
 
 
 30
 At bottom, the majority appears to be misreading Poffenberger. That case stands only for the proposition that a cause of action accrues when a plaintiff knew or should have known of the alleged wrong; it does not, as the majority seems to assume, announce a rule that the question of whether a plaintiff should have known of its injury is always a jury question. Indeed, Poffenberger explicitly states that the determination of the date a suit accrues"may be solely one of law." 431 A.2d at 679. And in both Weyerhaeuser Corp. v. Koppers Co., Inc., 771 F. Supp. 1406 (D. Md. 1991), and Millison v. Wilzack, 551 A.2d 899 (Md. App.), cert. denied, 554 A.2d 393 (1989), which the majority cites as examples of cases that follow Poffenberger, summary judgment was entered in favor of the defendant on the grounds that the plaintiff, as a matter of law, should have known of the alleged injury more than three years before it filed suit.
 
 
 31
 See 771 F. Supp. at 1415-16, 1419-20; 551 A.2d at 903-04. Lawson
 
 
 32
 I, under facts indistinguishable from those in the case before us, also so held, and nothing in Poffenberger is inconsistent with, or in any way calls into question, this holding.[1]
 
 
 33
 The rule of law announced in Lawson I is that a sophisticated busi ness entity is held to knowledge of an erroneous payment as of the time the payment is made, because a routine check of its disbursement records would disclose (or at least it will be presumed that it would disclose) the erroneous payment, since the entity's records would nec essarily be irreconcilable.[2] I would give effect to this rule here and hold that Colson's cause of action is time-barred as a matter of law.
 
 
 
 *
 Given our disposition of appellant's claims, it is unnecessary to consider appellee's cross-appeal
 
 
 FN1
 I disagree with the majority's suggestion that the Bank of Baltimore reads Lawson I as "effectively removing any question of whether the claimant should have known of the error." Ante at 6. To the contrary, it merely reads that case as holding, as it did, that as a matter of law, a party in Colson's circumstances should have known of its disbursement error at the time it was made
 
 
 FN2
 " [T]he size of [Commonwealth Land Title Insurance Company] and its professed ability to handle 'complicated national' financing ... matters ... point to the fact that [it] should have been on notice to check its disbursement figures.... Upon the issuance of the [erroneously disbursed] check, the escrow account could only be reconciled by taking into account the overdraft.... The responsibility of handling other persons' funds is ample reason to place [Commonwealth] on notice that[it] should keep tight control on those funds." Lawson I, slip op. at 7